# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JONATHAN MOZEAK,<br><br>*Defendant.* | DOCKET NO. 3:24-CR-261-MEO<br><br>UNOPPOSED MOTION TO CONTINUE TRIAL DATE & PRETRIAL MOTIONS DEADLINE |

Jonathan Mozeak, by and through his counsel of record, Assistant Federal Defender John Parke Davis, respectfully requests that this Court continue the trial date presently scheduled for February 23, 2026. As grounds therefore, it is averred:

1. On March 27, 2025, Mr. Mozeak was arraigned on a single count in a Bill of Indictment, charging him with Money Laundering pursuant to 18 U.S.C. § 1956(h). He was appointed counsel and ordered released on conditions of bond.

2. This is a money laundering case involving multiple accounts and businesses. Mr. Mozeak faces a significant sentence if convicted, and plea negotiations are ongoing.

3. Additionally, on January 21, 2026,[1] Mr. Mozeak filed a Motion to Suppress Fruits

---

[1] This case was originally assigned to the Hon. Frank D. Whitney, and accordingly deadlines had been set under the terms of his Standing Arraignment Order. *See* (Docket Entry dated March 27, 2025). Under that Order, the Pretrial Motions deadline is set for "eight (8) business days prior to the first day of the motions term" immediately preceding the trial term on which the case is docketed, and continued automatically with any continuance of the trial date. *Id.*, (Standing Arraignment Order at ¶¶ 3, 5 [sic]). Judge Whitney's motions terms are automatically set for "the first full week of each even month." (Standing Order Governing the Calendaring of Hearings and Trials Before the Honorable Frank D. Whitney, 3:07-MC-47, ¶ 1). Thus, because this case was previously set for trial on March 2, 2026, and the first full week of the preceding even month begins on February 2, 2026, the Pretrial Motions deadline in this case was set for eight business days before that, or January 21, 2026. It is not entirely clear how the recent transferal of this case and the corresponding realignment of the trial date to match this Court's docket would impact these deadlines. Nevertheless, the undersigned attempted to adhere to the preexisting deadline as a matter of best practice.

of Unconstitutional Stop and Seizure (the "Suppression Motion"). This motion is potentially dispositive, and its resolution will substantially determine the issues that remain for trial, if any.

4. After discussion between the parties, the government has indicated it will need to seek additional time to respond to the Suppression Motion—to which Mr. Mozeak has no objection—and Mr. Mozeak anticipates additional time may be required beyond that to complete briefing. Once the matter is fully briefed, Mr. Mozeak anticipates additional time may be needed to allow for an evidentiary hearing, and to give the Court sufficient time to consider and fully resolve the Suppression Motion ahead of a trial date.

5. Finally, once the Suppression Motion is decided and the issues for trial are consequently determined, Counsel will need additional time to review any remaining issues and/or discovery with Mr. Mozeak, to fully investigate Mr. Mozeak's case and possible defenses, and to effectively negotiate with the government and prepare the case for trial.

6. The time period of this continuance is excludable under 18 U.S.C. § 3161(h)(1)(D) as a "delay resulting from any pretrial motion, from filing of the motion through conclusion of the hearing on, or other prompt disposition of, such motion."

7. Additionally, the time period of this continuance is excludable under 18 U.S.C. § 3161(h)(1), because the Fourth Circuit has specifically found ongoing plea negotiations to be "other proceedings" under the terms of the Speedy Trial Act. *E.g. U.S. v. Keita*, 742 F.3d 184, 188 (4th Cir. 2014); *U.S. v. Leftenant*, 341 F.3d 338, 345 (4th Cir. 2003) (collecting similar authority from other circuits). Thus, this period of delay is excludable as a period of delay resulting from another proceeding concerning the defendant. 18 U.S.C. § 3161(h)(1); *Keita*, 742 F.3d at 188 (affirming that any period of delay due to ongoing plea negotiations is excludable under the Speedy Trial Act). It is also excludable under § 3161(h)(7)(B)(iv), as the need for additional time to allow

for effective preparation, taking into account defense counsel's due diligence, outweighs the interests of the public or the defendant in a speedy trial.

8. The government does not oppose the granting of this motion.

**WHEREFORE,** Mr. Mozeak respectfully requests a continuance of his trial date from the February 23, 2026 term to the next available term of court.

Respectfully submitted:

s/ John Parke Davis
John Parke Davis
N.C. Bar No. 34427
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
(704) 374-0722 Fax
jp_davis@fd.org
*Attorney for Jonathan Mozeak*

DATE: January 23, 2026